# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

cc:order, docket, remand letter to
Los Angeles Superior Court, No. BC 463870

**CASE NO.:** CV 11-07388 SJO (SSx)     **DATE:** January 17, 2012

**TITLE:** Danielle Solomon v. Mainline Information Systems, Inc.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                           Not Present
Courtroom Clerk                            Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**         **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING TO STATE COURT** [Docket No. 1]

This matter is before the Court on Defendant Mainline Information Systems, Inc.'s ("Defendant") Notice of Removal ("Notice"), filed on September 8, 2011. Plaintiff Danielle Solomon ("Plaintiff") filed her Complaint ("Complaint") in Los Angeles Superior Court on June 17, 2011. For the following reasons, the Court **REMANDS** this action to state court.

I.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff is an individual residing in California. (Notice Ex. A ("Complaint") 19, ECF No. 1-1.) Plaintiff is a former employee of Defendant, a Florida corporation. (Compl. ¶ 1.) Defendant's principal place of business is in Tallahassee, Florida. (Decl. of Joyce Chastain in Supp. of Notice ("Chastain Decl.") ¶ 2, ECF No. 3.) Plaintiff filed the instant action in Los Angeles Superior Court on June 17, 2011. The Complaint alleges the following facts. Defendant employed Plaintiff as a purchasing agent from 1992 through April 4, 2011. (Compl. ¶ 1.) Plaintiff worked 40 hours per week with her work day commencing at 7:00 am and concluding at 4:00 pm. (Compl. ¶ 3.) Shortly before Plaintiff's termination, Defendant modified Plaintiff's schedule such that Plaintiff worked 40 hours per week with her work day commencing at 8:30 am and concluding at 5:30 pm. (Compl. ¶ 4.) Because her physician recommended she attend a yoga class to alleviate stress, Plaintiff requested to keep her original hours two days per week. (Compl. ¶ 5.) Plaintiff claims Defendant was unhappy with her request and as a result terminated her employment. (Compl. ¶ 6.) As of the date of her termination, Plaintiff earned $33.17 per hour, approximately $1,326.80 per week. (Compl. ¶ 1.)

Plaintiff claims her termination was in violation of California law. Specifically, Plaintiff alleges the following causes of action under California state law: (1) failure to pay wages earned upon separation; (2) waiting time penalties; (3) failure to provide meal breaks; (4) failure to provide rest periods; (5) failure to pay overtime compensation; (6) failure to provide an accurate itemized

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.: CV 11-07388 SJO (SSx)          DATE: January 17, 2012

statement of earnings each pay period; (7) disability discrimination under California's Fair Employment and Housing Act ("FEHA"); (8) wrongful discharge under FEHA; (9) wrongful termination in violation of public policy; and (10) intentional infliction of emotional distress.  (*See generally* Compl.)

Defendant removed the action to this Court on the basis of diversity of citizenship under 28 U.S.C. §§ 1332 and 1441 on September 8, 2011.  (Notice 3.)

II.     DISCUSSION

An action may be removed by the defendant to federal court on the basis of diversity jurisdiction.  *See* 28 U.S.C. § 1441 (2006).  In order for diversity jurisdiction to exist, no plaintiff can be a citizen of the same state as any defendant and the amount in controversy must exceed $75,000.  *Id.* § 1332(a).

   A.     *Sua Sponte* Challenge to Subject Matter Jurisdiction

The Court raises the issue of subject matter jurisdiction *sua sponte*.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case.  *Id.* § 1447(c).  The Ninth Circuit has noted that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).  The Court finds it appropriate to determine whether jurisdiction exists in this case.

   B.     Amount in Controversy Requirement

Under 28 U.S.C. § 1441, an action is removable to federal court only if it might have been brought there originally.  *See* 28 U.S.C. § 1441(a).  The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (quotation marks omitted).  For a removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C. § 1332(a).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  The removing party "need[s] to provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount."  *Valdez*, 372 F.3d at 1117

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.:  CV 11-07388 SJO (SSx)                    DATE: January 17, 2012

(quotation marks omitted).  Courts may consider facts "presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at time of removal.'"  *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  Removal "cannot be based simply upon conclusory allegations" where a plaintiff does not demand a specific sum for damages.  *Singer*, 116 F.3d at 377 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

Here, it is not facially evident from the Complaint that more than $75,000 is in controversy.  Accompanying each allegation set forth in the Complaint is a request for damages "according to proof at trial."  (*See generally* Compl.)  As the removing party, Defendant must establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence.  Defendant avers that the amount in controversy requirement is met - and thus, removal is proper - because Defendant may owe Plaintiff: (1) $29,189.60 in lost wages (Notice 5); (2) $15,523.56 in unpaid overtime wages (Notice 5-6); (3) $9,453.45 in waiting time penalties (Notice 6); (4) $4,000 in penalties for failing to provide Plaintiff with accurate wage statements (Notice 6); (5) $10,349.04 in damages for missed meal and rest breaks (Notice 6-7); (6) damages for intentional infliction of emotional distress (Notice 7); and, (7) interest, punitive damages, and attorney's fees and costs (Notice 7-8).

For the following reasons, Defendant fails to discharge its burden to prove that, more likely than not, the amount in controversy exceeds $75,000.

      1.      <u>Failure to Provide Overtime Compensation</u>

First, Defendant speculates with respect to the amount allegedly owed to Plaintiff for unpaid overtime.  Defendant estimates Plaintiff's potential for unpaid overtime is $15,523.56. (Notice 6.)  Although Defendant states that its allowance of two hours of overtime per week is conservative, Defendant does not provide any meaningful evidentiary support for this assertion.  (Notice 5.)  Defendant's figures are not supported by company records or other relevant statistics demonstrating the average overtime worked by purchasing agents.  Even assuming that Defendant's unfounded estimate of two hours per weeks is appropriate, Defendant arguably exaggerates the amount owed by calculating the overtime premium pay for the past three years using Plaintiff's last known hourly wage.

Defendant offers no evidence indicating Plaintiff earned $33.17 per hour for the past three years.  Defendant only provides the Declaration of Joyce Chastain, a Human Resources Consultant for Defendant.  (Chastain Decl. ¶ 1.)  The Chastain Declaration  states that "a true and correct copy of Plaintiff's Payroll Summary is attached," but no such documentation is attached nor appears on the docket.  (*See* Chastain Decl. ¶ 4.)  As Plaintiff's former employer, Defendant has the best access to such information.  Rather than provide evidence of Plaintiff's hourly wage during the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>CV 11-07388 SJO (SSx)</u>          DATE:  <u>January 17, 2012</u>

years preceeding her termination, Defendant calculates Plaintiff's potential damages using her rate of pay at termination.  In effect, Defendant is asking the Court to assume that Plaintiff never received a pay raise during her term of employment.  This assumption lacks evidentiary support and is unreasonable given the realities of the modern workplace.  Without more, the Court finds that Defendant's assumptions lack sufficient evidentiary support to establish the amount in controversy regarding Plaintiff's overtime claim.

    2.    <u>Waiting Time Penalties</u>

Second, Defendant adopts Plaintiff's assertion that she is owed $9,453.45 in waiting time penalties.  However, the Complaint does not specify how Plaintiff arrived at the amount allegedly owed.  California Labor Code Section 203 limits waiting time penalties to a thirty-day maximum.  Cal. Lab. Code § 203 (West 2009).  Even at a base rate of $33.17 per hour, Plaintiff can recover no more than $7,960.80 in waiting time penalties.[1]

    3.    <u>Failure to Provide Accurate Itemized Statements</u>

Third, Defendant aims to include the maximum penalty provided by California Labor Code Section 226(e) for allegedly failing to provide accurate wage statements.  Plaintiff's Complaint does not allege with specificity how many wage statement violations occurred, nor does the Complaint suggest violations occurred each pay period.  Plaintiff only states that the aggregate penalty for a Section 226(e) violation is $4,000 and Plaintiff is owed sums according to proof at trial.  (Compl. ¶ 44.)  Defendant implores this Court to consider the statutory maximum penalty when calculating the amount in controversy.  (Notice 6.)  Defendant offers no summary-judgement-type evidence demonstrating Plaintiff is entitled to the statutory maximum of $4,000.[2]  Again, as the employer, Defendant has the best access to such information.  Defendant's unsupported assumptions do not satisfactorily demonstrate by a preponderance of the evidence that Plaintiff is entitled to $4,000.

///

    4.    <u>Failure to Provide Meal and Rest Breaks</u>

---

[1] Penalty wages calculated as follows: ($33.17/hour) (8 hours/day) (30 days) = $7,960.80.

[2] Defendant cites *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008), for the proposition that consideration of the statutory maximum is appropriate "when a complaint, on its face, alleges a statutory maximum penalty."  (Notice 6.)  The Court is not persuaded by the reasoning of the *Korn* court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.:  CV 11-07388 SJO (SSx)                    DATE:  January 17, 2012

Using the formula that it used to calculate unpaid overtime, Defendant next posits that Plaintiff's potential damages for missed meal and rest breaks amount to $10,349.04.  Although Defendant's calculation conservatively assumes two missed meal or rest breaks per week, Defendant uses Plaintiff's last known hourly wage.  For the reasons discussed above, the Court finds that Defendant's assumptions lack sufficient evidentiary support to establish the amount in controversy regarding Plaintiff's missed meal and rest break claims.

    5.  Miscellaneous Relief

Finally, Defendant avers that because Plaintiff seeks to recover for intentional infliction of emotional distress, pre-judgment and post-judgment interest, punitive damages, and attorney's fees and costs, "it is factually apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000." (Notice 9.)  This argument is conclusory.  Defendant's speculated damages fall short of the threshold requirement under 28 U.S.C. § 1332.  Defendant's figures rest on the assumptions that Plaintiff was making $33.17 per hour for the entire statutory period at issue and that Plaintiff will recover the statutory maximum penalty when applicable.  Even under these assumptions, Defendant's calculations total $68,515.65.  In an effort to make up the difference, Defendant makes broad and unsupported generalizations with respect to the unspecified miscellaneous relief sought.  Defendant fails even to speculate as to the amount of punitive damages and attorney's fees that Plaintiff would receive if relief were granted in Plaintiff's favor.

If Defendant's own calculations fall short of meeting the statutory minimum amount in controversy, the Court cannot find that Defendant has met its burden of showing that the Court has jurisdiction.  Consistent with the Ninth Circuit's strict construction of 28 U.S.C. § 1441, where there is any doubt with respect to removal, this Court must reject federal jurisdiction.  Because the Court does not have subject matter jurisdiction over this controversy, the Court finds that this action was improperly removed and must be remanded to state court.

III.  RULING

For the foregoing reasons, the Court **REMANDS** this case to Los Angeles Superior Court.  This action shall close.

IT IS SO ORDERED.

                                 vpc